IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID STRODE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-0862-CV-W-SWH |
| ) | |
| TECHNICAL CHEMICAL ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff originally filed this action in the Circuit Court of Jackson County, Missouri. Defendant Technical Chemical Company removed the action to this Court. (Notice of Removal, doc. #1) Pending before the Court are defendant Carquest Auto Parts of Independence, Mo., Inc.'s Objection to Removal and Motion to Remand (doc. #8) and Plaintiff's Objections to Defendant Technical Chemical Company's Notice of Removal and Motion to Remand (doc. #9).

### I. FACTUAL BACKGROUND

On August 2, 2005, plaintiffs David and Christy Strode filed a Petition for Damages in the Circuit Court of Jackson County, Missouri. (doc. #1-2) The petition alleges that David Strode was injured when a can of refrigerant manufactured by Technical Chemical Company (hereinafter Technical) and sold by Carquest Auto Parts of Independence, Mo., Inc. (hereinafter Carquest) exploded. Christy Strode, the wife of David Strode, also seeks damages for her loss of consortium.

Defendant Technical removed this action by filing its Notice of Removal (doc. #1) with this Court on September 20, 2005. The notice alleges that Technical was served on or about August 22, 2005, and that the Court has diversity jurisdiction as plaintiff is a Missouri resident, defendant

Technical is a Texas Corporation with its principal place of business in Texas and Carquest is a North Carolina Company with its principal place of business in North Carolina. In addition, defendant alleges that damages in excess of $75,000 are being sought. (doc. #1)

On September 26, 2005, defendant Carquest filed an Objection to Removal and Motion to Remand (doc. #8) asking that this case be returned to state court for the reason that Carquest was served on August 17, 2005, and did not consent to the removal of the action to federal court. Thereafter, plaintiff objected to the removal on the basis that Carquest has its principal place of business in Missouri, and thus, complete diversity is lacking since plaintiffs are also residents of Missouri. (Plaintiff's Objections, doc. #9)

Defendant Technical responded to plaintiff's motion to remand by challenging plaintiff's claim that the principal place of business of Carquest was in Jackson County. (doc. #10) According to defendant Technical, the 2005 Annual Registration Report filed with the Secretary of State contains the statement that the principal place of business of Carquest is Raleigh, North Carolina. (See Defendant Technical's Suggestions in Opposition, doc. #10) Defendant Technical did not respond to defendant Carquest's objection to removal.

## II. LEGAL DISCUSSION

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state to federal court if the District Courts of the United States would have had original jurisdiction of the action. Although it is not set forth in the statute itself, courts have included a rule of unanimity within the removal process. The "rule of unanimity" requires that in order for a case to be properly removed, all defendants who have been served or properly joined in an action must either join in removal or file a written consent to removal. See Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d
2

753, 754 n.2 (8th Cir. 2001); Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967).

In this case, one of the defendants who had been served at the time the Notice of Removal was filed did not consent at the time of the removal and has subsequently objected to the removal. Thus, the case must be remanded to state court.

The Court also questions whether complete diversity exists. Plaintiff alleged that the principal place of business of Carquest is Jackson County, Missouri. To counter this assertion and support its claim that Carquest's principal place of business is North Carolina, defendant Technical cites to the Annual Registration Report filed with the Secretary of State. The Court has reviewed that report and notes that the document asks for the company's Principal Place of Business or Corporate Headquarters. Thus, it is unclear whether the North Carolina address listed is the company's principal place of business or its corporate headquarters. Because a company's corporate headquarters can be located somewhere other than its principal place of business, this form would not appear to be dispositive of the issue. However, the Court need not inquire further as to this issue since a remand is warranted because of Carquest's failure to consent to removal.

III. CONCLUSION

For the reasons discussed herein, the Court finds that this action was improperly removed. Therefore, it is

ORDERED that defendant Carquest's Objection to Removal and Motion to Remand (doc. #8) is granted and this case is remanded to the Circuit Court of Jackson County Missouri.

                                                */s/ Sarah W. Hays*
                                                SARAH W. HAYS
                          UNITED STATES MAGISTRATE JUDGE